UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ELTON TAYLOR | CIVIL ACTION NO. 03-516 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| UNITED PARCEL SERVICE, INC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment of All Remaining Claims filed by the Defendant, United Parcel Service, Inc. ("UPS"). [Doc. No. 115]. Plaintiff Elton Taylor ("Taylor") has sued UPS for alleged race discrimination and retaliation pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and Louisiana state law. The Court partially granted an earlier motion for summary judgment filed by UPS and dismissed all of Taylor's claims except his discriminatory/retaliatory pay claims since March 9, 1993. [Doc. No. 107]. UPS now moves to have those claims dismissed as well. Plaintiff opposes the motion. [Doc. No. 130]. For the reasons which follow, the Court finds that there are no genuine issues as to any fact material to Taylor's discriminatory/retaliatory pay claims and that UPS is entitled to judgment as a matter of law.

**FACTUAL BACKGROUND**

The procedural and factual background are detailed in the Court's ruling on the first motion for summary judgment, which are incorporated herein by reference. [Doc. No. 106].

**LAW AND ANALYSIS**

**I.      Summary Judgment Standard**.

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (*quoting* Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have

submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

**II.     Plaintiff's Prima Facie Claim for Disparate Pay.**

To establish a *prima facie* case of discriminatory compensation, Taylor must prove "(1) that he is a member of a protected class and (2) that he was paid less than a nonmember for work requiring substantially the same responsibility." Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir.1984); see also Pittman v. Hattiesburg Mun. Separate Sch. Dist., 644 F.2d 1071, 1074 (5th Cir. Unit A May 1981). If a plaintiff's job responsibilities are significantly different from the responsibilities of white employees he cites as a point of comparison, then

the plaintiff has not made out a *prima facie* case. Williams v. Galveston Independent School Dist., 78 Fed.Appx. 946, 949 (5th Cir. 2003). See Little v. Republic Refining Co., Ltd. 924 F.2d 93, 97 (5th Cir.1991) (holding that plaintiffs must show "nearly identical" circumstances in a claim of disparate treatment).

As detailed in the Court's prior ruling, plaintiff was a member of a class action filed against UPS which claimed racial discrimination in pay and promotional opportunities. See Morgan v. United Parcel Service of America, Docket No. 94-CV-1184, Eastern District of Missouri. Taylor was actively involved in the suit, being named as a witness in 1999 and being deposed in 2000. [Doc. No. 92-3, Nos. 159-161]. However, all of the class claims were dismissed via summary judgment on June 26, 2000. See Morgan v. United Parcel Service of America, 143 F.Supp.2d 1143 (E.D. Mo. 2000).[1] This Court has already ruled that in the instant lawsuit, Taylor is limited to his own individual pay claims and he cannot rely on the type of pattern-or-practice evidence which was rejected by the Morgan court. [See Doc. No. 106, *citing* Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 876, 104 S.Ct. 2794, 2799, 81 L.Ed2d 718 (1984)].

As the Supreme Court explained in Cooper:

> The crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest. The inquiry regarding an individual's claim is the reason for a particular employment decision, while "at the liability stage of a pattern-or-practice trial the focus often will not be on individual hiring decisions, but on a pattern of discriminatory decisionmaking." Teamsters v. United States, 431 U.S. 324, 360 n.46, 97 S.Ct. 1867 (1977). See generally, Furnco Construction Corp. v. Waters, 438 U.S. 567, 575, n. 7, 98 S.Ct. 2943, 2948 n. 7, 57 L.Ed.2d 957 (1978).

---

[1] The Eighth Circuit later affirmed the grant of summary judgment. See Morgan v. UPS, 380 F.3d 459 (8th Cir. 2004).

Id. at 876, 104 S.Ct. at 2799-2800. Accordingly, Taylor cannot survive the instant motion for summary judgment by submitting statistical evidence which purportedly establishes a pattern of discriminatory decisionmaking. Those are the same claims which were rejected on the merits by the Morgan court and are now *res judicata*. Instead, Taylor must establish a *prima facie* claim of discrimination as to particular employment decisions. He has failed to submit any such evidence. Accordingly, the Court finds that summary judgment is proper as to Taylor's remaining claims as a matter of fact and law under both federal and state law.[2]

## CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine issues as to any fact material to Taylor's discriminatory/retaliatory pay claims and that UPS is entitled to judgment as a matter of law.

Therefore:

**IT IS ORDERED** that the Motion for Summary Judgment filed by the Defendant [Doc. No. 115] is hereby **GRANTED**, and that Plaintiff's claims are hereby **DISMISSED, WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of September, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Any claim brought pursuant to the Louisiana discrimination statutes fails for the same reasons as Plaintiff's federal claims, since the Louisiana statutes are similar in scope to the federal anti-discrimination prohibitions of Title VII. Alphonse v. Omni Hotels Management Corp., 643 So. 2d 836, 838 (La. App. 4 Cir. 1994); see also Sims v. Brown & Root Indus. Services, Inc., 889 F. Supp. 920, 925 n. 3 (W.D. La. 1995), *aff'd,* 78 F.3d 581 (5th Cir. 1996).