UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ELTON TAYLOR | CIVIL ACTION NO. 03-516 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| UNITED PARCEL SERVICE, INC | MAGISTRATE JUDGE HORNSBY |

**SUPPLEMENTAL MEMORANDUM RULING**

The Court previously granted the Motion for Summary Judgment of All Remaining Claims filed by the Defendant, United Parcel Service, Inc. ("UPS") [Doc. No. 115]. See Doc. Nos. 150, 151. Plaintiff Elton Taylor ("Taylor") sued UPS for alleged race discrimination and retaliation pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and Louisiana state law. The Court partially granted an earlier motion for summary judgment filed by UPS and dismissed all of Taylor's claims except his discriminatory/retaliatory pay claims since March 9, 1993. [Doc. No. 107]. UPS then moved to have those claims dismissed as well. For the reasons stated in the Court's previous memorandum ruling [Doc. No. 150], and for the reasons which follow, the Court finds that there are no genuine issues as to any fact material to Taylor's discriminatory/retaliatory pay claims and that UPS is entitled to judgment as a matter of law.

**FACTUAL BACKGROUND**

The procedural and factual background are detailed in the Court's ruling on the first motion for summary judgment, which are incorporated herein by reference. [Doc. No. 106].

## LAW AND ANALYSIS[1]

To establish a *prima facie* case of discriminatory compensation, Taylor must prove "(1) that he is a member of a protected class and (2) that he was paid less than a nonmember for work requiring substantially the same responsibility." Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir.1984); see also Pittman v. Hattiesburg Mun. Separate Sch. Dist., 644 F.2d 1071, 1074 (5th Cir. Unit A May 1981). If a plaintiff's job responsibilities are significantly different from the responsibilities of white employees he cites as a point of comparison, then the plaintiff has not made out a *prima facie* case. Williams v. Galveston Independent School Dist., 78 Fed.Appx. 946, 949 (5th Cir. 2003). See Little v. Republic Refining Co., Ltd. 924 F.2d 93, 97 (5th Cir.1991) (holding that plaintiffs must show "nearly identical" circumstances in a claim of disparate treatment).

As detailed in the Court's prior rulings, plaintiff was a member of a class action filed against UPS which claimed racial discrimination in pay and promotional opportunities. See Morgan v. United Parcel Service of America, Docket No. 94-CV-1184, Eastern District of Missouri. Taylor was actively involved in the suit, being named as a witness in 1999 and being deposed in 2000. [Doc. No. 92-3, Nos. 159-161]. However, all of the class claims were dismissed via summary judgment on June 26, 2000. See Morgan v. United Parcel Service of America, 143 F.Supp.2d 1143 (E.D. Mo. 2000).[2] This Court has already ruled that in the instant lawsuit, Taylor is limited to his own individual pay claims and he cannot rely on the type of pattern-or-practice evidence which was rejected by the Morgan court. [See Doc. No. 106,

---

[1]The appropriate standard for summary judgment was included in the Court's previous ruling and will not be repeated herein.

[2]The Eighth Circuit later affirmed the grant of summary judgment. See Morgan v. UPS, 380 F.3d 459 (8th Cir. 2004).

*citing* Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 876, 104 S.Ct. 2794, 2799,81 L.Ed2d 718 (1984)].  As the Supreme Court explained in Cooper:

> The crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest. The inquiry regarding an individual's claim is the reason for a particular employment decision, while "at the liability stage of a pattern-or-practice trial the focus often will not be on individual hiring decisions, but on a pattern of discriminatory decisionmaking." Teamsters v. United States, 431 U.S. 324, 360 n.46, 97 S.Ct. 1867 (1977).  See generally, Furnco Construction Corp. v. Waters, 438 U.S. 567, 575, n. 7, 98 S.Ct. 2943, 2948 n. 7, 57 L.Ed.2d 957 (1978).

Id. at 876, 104 S.Ct. at 2799-2800.  Accordingly, Taylor cannot survive the instant motion for summary judgment by submitting statistical evidence which purportedly establishes a pattern of discriminatory decisionmaking.

Nevertheless, the *only* evidence submitted by the plaintiff to prove his discriminatory/retaliatory pay claims is the opinion of his proffered expert, Dr. Rody Borg, which is based solely on statistics and regressional analysis.  Such information alone cannot make a case of individual disparate treatment.  See Gilty v. Village of Oak Park, 919 F.2d 1247, 1252 (7th Cir.1990); Carter v. Three Springs Residential Treatment, 132 F.3d 635, 642 n. 5 (11th Cir.1998); Ward v. Gulfstream Aerospace Corp., Inc., 894 F. Supp. 1573, 1580 (S.D. Ga. 21995).  Even assuming that Dr. Borg's statistically-based opinion alone could create a *prima facie* case of discrimination or retaliation, it would not be sufficient to rebut UPS' legitimate, non-discriminatory business reasons for the differences in pay.[3]  See LeBlanc v. Great American Ins. Co., 6 F.3d 836 (1st Cir.1993). See also Walther v. Lone Star Gas Co., 977 F.2d 161, 162 (5th Cir.1992); Hudson v. IBM Corp., 620 F.2d 351, 355 (2d

---

[3]Plaintiff's failure to identify any specific employment decisions, as is required in an individual disparate treatment claim, prevents UPS from offering anything more than general business reasons for its employment decisions.

Cir.1980); King v. Yellow Freight Sys., Inc., 523 F.2d 879, 882 (8th Cir.1975).  See also Celestine v. Petroleos de Venezuella SA, 266 F.3d 343 (5th Cir. 2001).

Accordingly, the Court finds that summary judgment is proper as to Taylor's remaining claims as a matter of fact and law under both federal and state law.[4]

### CONCLUSION

For the reasons assigned in the Court's previous ruling [Doc. No. 150], and for the foregoing reasons, the Court finds that there are no genuine issues as to any fact material to Taylor's discriminatory/retaliatory pay claims and that UPS is entitled to judgment as a matter of law.

Therefore:

**IT IS ORDERED** that the Motion for Summary Judgment filed by the Defendant [Doc. No. 115] is hereby **GRANTED**, and that Plaintiff's claims are hereby **DISMISSED, WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of November, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[4]Any claim brought pursuant to the Louisiana discrimination statutes fails for the same reasons as Plaintiff's federal claims, since the Louisiana statutes are similar in scope to the federal anti-discrimination prohibitions of Title VII.  Alphonse v. Omni Hotels Management Corp., 643 So. 2d 836, 838 (La. App. 4 Cir. 1994); see also Sims v. Brown & Root Indus. Services, Inc., 889 F. Supp. 920, 925 n. 3 (W.D. La. 1995), aff'd, 78 F.3d 581 (5th Cir. 1996).